Pigott, J.
(dissenting). The suppression court, based on the facts before it, found that there was no connection between the burglary with which defendant had been charged and the stabbing about which defendant claimed to have information (24 Misc 3d 1235[A], 2009 NY Slip Op 51757[U] [2009]). That finding was affirmed by the Appellate Division (100 AD3d 777, 778 [2d Dept 2012]). “[W]hen the Appellate Division adopts a trial court’s factual findings and the application of those facts to the applicable legal principles . . . that determination presents a mixed question of law and fact that we cannot overturn unless there is no record support for the trial court’s conclusion” *647 (People v Guay, 18 NY3d 16, 22-23 [2011]). Because there is record support for the trial court’s determination that the two matters were not so closely related as to bar the detectives from questioning defendant about the stabbing, I would affirm the order of the Appellate Division.
In August of 2007, attorney John Schwarz was appointed by the court to represent defendant with respect to the burglary only. Defendant, hoping to obtain leniency on that charge, claimed to have information relative to an unrelated stabbing that had occurred in 2005. Schwarz and defendant met with detectives and a prosecutor on October 12, 2007 to discuss that information. Prior to the meeting, defendant and Schwarz executed a “queen-for-a-day” agreement whereby defendant agreed to respond truthfully to all questions asked of him. During that meeting, defendant implicated a friend in the stabbing. Defendant stated that he was in jail at the time of the stabbing, but the prosecutor, upon speaking with a representative from the jail, learned that defendant had been released 10 days before the stabbing. Nonetheless, defendant agreed to be “wired up” while speaking with his friend.
Six months later, defendant met with detectives and engaged in a discussion with them about acting as a cooperating witness against his friend. Schwarz was aware of the meeting but did not attend. As the detectives were questioning defendant about the stabbing, defendant unexpectedly confessed to it. After being read his Miranda rights, defendant signed a typewritten confession. At no time during this meeting did defendant ask for an attorney, state that he did not wish to speak with the detectives, or state that he had retained an attorney with respect to the stabbing case; nor did Schwarz at any time indicate that he was representing defendant on any charges other than the burglary, because there were no charges pending against the defendant relating to the stabbing.
The majority acknowledges that Schwarz was not retained to represent defendant in the stabbing matter, but suggests that he had an obligation, as part of his representation of defendant in the burglary case, to be cognizant of the possibility that defendant’s cooperation on the stabbing case would be deleterious to defendant (majority op at 645). I find this conclusion to be unwarranted and, in any event, of no moment.
From the point of view of the police, who were investigating a serious crime committed over two years earlier, the suppression court found they had no expectation that defendant was going *648 to do anything other than assist them in that investigation. And it is apparent from this record that neither Schwarz nor defendant was under the impression that Schwarz represented defendant in the stabbing case.
The record evidence upon which the suppression court based its decision supports the finding that, as far as Schwarz was concerned, once defendant spoke with detectives at the proffer session in his presence and agreed to wear a wire, Schwarz’s work with respect to the stabbing was finished. Schwarz even provided the detectives with defendant’s cell phone number so they could contact defendant to arrange a meeting between themselves and defendant, there being no need for him to attend. The suppression court concluded that “[a]s far as all involved were concerned, there was no matter, other than the burglary, in which the defendant might be represented or desire representation” (2009 NY Slip Op 51757[U], *3). In light of the fact that there is evidence in the record supporting that conclusion, we must accord it deference.
The majority states that “[n]o responsible lawyer in Schwarz’s situation would concern himself with the burglary case alone, indifferent to the disaster that might strike defendant if he incriminated himself in the stabbing” (majority op at 645). Whether this is a fair characterization of Schwarz’s conduct is not a matter of concern for this Court. The focus should be on the conduct of the detectives who, as the suppression court found, acted properly under the facts and circumstances. Certainly, the detectives were prohibited from questioning defendant about the burglary — a charge for which defendant was represented — but they were not prohibited from questioning him about the stabbing.
Chief Judge Lippman and Judges Read, Rivera and AbdusSalaam concur; Judge Pigott dissents in an opinion.
Order reversed, defendant’s motion to suppress granted, and a new trial ordered.